### LONDON WEATHERPROOFS, Inc., v. UNITED STATES.
### Civil No. 1882.

District Court, E. D. New York.

Sept. 23, 1941.

Kenneth Carroad, of New York City, for plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant.

ABRUZZO, District Judge.

This motion to dismiss the complaint was instituted by the government, the defendant herein.

It is alleged by the plaintiff in its complaint that it paid to the Collector of Internal Revenue for the Second District of New York and to the Collector of Customs for the port of New York cotton compensating taxes, under Section 15 of the Agricultural Adjustment Act, 7 U.S.C.A. § 615, in the total sum of $268.39, payments having been made during the period from August 1, 1933, to January 6, 1936. It is also alleged that payment of $206.43 on its cotton floor stocks inventory of August 1, 1933, was made to the Collector of Internal Revenue on August 31, 1933. The law under which these payments were made was subsequently held to be unconstitutional.

The government contends that as to the taxes paid in the sum of $268.39, the plaintiff's complaint must be dismissed because it failed to file a proper claim for refund, leaving this Court without jurisdiction. As to the payment of $206.43, representing taxes on the plaintiff's cotton floor stocks inventory, the motion to dismiss is based on the sole ground that the plaintiff did not file a claim for refund of these particular taxes. Sections 902, 903 and 904 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, U.S.C.A. Title 7, Sections 644, 645 and 646.

The plaintiff, on the contrary, claims that it filed a proper claim for refund for the cotton compensating taxes in the amount of $268.39 (Defendant's Exhibit B). It concedes that it did not file a claim for refund of the cotton floor stocks inventory taxes in the sum of $206.43.

The claim for refund, filed by the plaintiff, was held to be insufficient by the Commissioner of Internal Revenue, and he summarily rejected it without passing on its merits.

In an analogous situation, the Court held in Hutzler Brothers Co. v. United States, D.C., 33 F.Supp. 801, 802: "We find this position of the Government to be without merit. Where a claim has been rejected by the Commissioner and such fact is alleged in the complaint, no further allegation is necessary for the maintenance of a suit for refund; and in such suit a plaintiff is not limited to the same evidence produced before the Commissioner. The intent of the statute, reasonably interpreted from the language employed and above quoted, is to bar consideration of claims merely on informal statements or memoranda, and to surround the presentation of claims with full verification, but it is not intended that a claimant who produces before the Commissioner certain evidence is forever thereafter barred from introducing further evidence in resorting to a court proceeding for refund, —a right which is expressly given by Section 905 of the Act, 7 U.S.C.A. § 647."

The same conclusion was reached in Ney v. United States, D.C., 33 F.Supp. 554, 556, wherein the Court observed: "It would seem, therefore, that where a claim has been rejected by the commissioner and this fact is alleged in the complaint, no further allegation is necessary to enable the plaintiffs to maintain their suit. Following the same line of reasoning, it is the opinion of the court that in this action the plaintiffs are not necessarily limited to the same evidence which was produced before the commissioner on the claim for refund."

The principles of law enunciated in the above decisions indicate that the plaintiff's claim as filed is sufficient and it is entitled to a trial upon the merits of its action insofar as the cotton compensating taxes, amounting to $268.39, are concerned. However, in view of the fact that the plaintiff neglected to file a claim for refund of the cotton floor stocks inventory taxes, that part

of the complaint which sets forth the claim for these particular taxes in the amount of $206.43 must be dismissed.

Settle order on notice in conformity with this decision.